Nos. 14-1469, 15-1390 (consolidated)

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

**Craig Williams,**

*Appellant,*

-against-

**Secretary Pennsylvania Department of Corrections; Dorina Varner, Chief Grievance Officer; Tina Friday, Records Officer, in her Individual and Official Capacity; Jeffrey R. Rogers, Manager, in his Individual and Official Capacity; Tracy Shawley, Grievance Coordinator, in her Individual and Official Capacity; and Louis Folino, in his Individual and Official Capacity,**

*Appellees.*

**Shawn Walker,**

*Appellant,*

-against-

**Michael A. Farnan; Secretary Pennsylvania Department of Corrections; Superintendent Graterford SCI; Cindy G. Watson, and others to be named later,**

*Appellees.*

On Appeal from the United States District Court
for the Western District of Pennsylvania, No. 2:12-cv-00944
Before the Honorable Mark R. Hornak, and
On Appeal from the United States District Court
for the Eastern District of Pennsylvania, No. 2:07-cv-04977
Before the Honorable R. Barclay Surrick

## JOINT APPENDIX
### CORRECTED VOLUME I OF III
### PAGES JA-1 TO JA-49

*-Counsel for Appellants on Inside Cover-*

James J. Bilsborrow, Esq.
Weitz & Luxenberg, P.C.
700 Broadway
New York, NY 10003
T: (212) 558-5500
F: (646) 293-7937
*jbilsborrow@weitzlux.com*

*Counsel for Appellants*

# TABLE OF CONTENTS

## Volume I

**From the United States District Court Docket for <u>Williams v. Wetzel</u>, 2:12-cv-00944-MRH-LPL (W.D. Pa.)**

District Court Docket Sheet ............................................................................................JA-1

Notice of Appeal (Feb. 21, 2014) ...............................................................................JA-10

Memorandum Order Adopting Report and Recommendation (Jan. 22, 2014)........................JA-11

Report and Recommendation (Dec. 9, 2013)....................................................................JA-13

**From the United States District Court Docket for <u>Walker v. Farnan</u>, 2:07-cv-04977-RBS (E.D. Pa.)**

District Court Docket Sheet ............................................................................................JA-30

Notice of Appeal (Feb. 4, 2015) ...................................................................................JA-37

Order Granting Summary Judgment (Jan. 29, 2015)...........................................................JA-40

Memorandum In Support of Order Granting Summary Judgment (Jan. 29, 2015)................JA-41

## Volume II

**From the United States District Court Docket for <u>Williams v. Wetzel</u>, 2:12-cv-00944-MRH-LPL (W.D. Pa.)**

Complaint (July 11, 2012) ............................................................................................JA-50

Defendants' Answer to Complaint (Nov. 14, 2012)............................................................JA-60

Defendants' Concise Statement of Material Facts Not In Dispute (Apr. 25, 2013) ................JA-67

    Exhibit 1, Court of Common Pleas of Philadelphia County Criminal Docket CP-51-CR-0525631-1987 ............................................................................................JA-72

    Exhibit 2, 6.5.8, Capital Case Procedures Manual Section 1 – Phase I, Inmates ........JA-90

    Exhibit 3, Administrative Custody Procedures DC-ADM 802, Effective Date February 12, 2007 ............................................................................................JA-92

    Exhibit 4, Grievances and Final Appeal Decisions ...................................................JA-126

i

Exhibit 5, DC-141 Part III Program Review Committee Action................................JA-155

Exhibit 6, Declaration of Shirley R. Moore-Smeal.....................................................JA-173

Exhibit 7, Sentence Status Summary .........................................................................JA-179

Plaintiff's Concise Statement of Material Facts ....................................................JA-186

## Volume III

**From the United States District Court Docket for <u>Walker v. Farnan</u>, 2:07-cv-04977-RBS (E.D. Pa.)**

Amended Complaint (Aug. 25, 2009).......................................................................JA-189

Defendants' Answer With Affirmative Defenses (Oct. 11, 2011)..........................JA-202

Defendants' Motion for Summary Judgment (Apr. 16, 2012)...............................JA-212

Exhibit 1 to Defendants' Motion for Summary Judgment (Apr. 16, 2012)...............JA-230

Exhibit 2 to Defendants' Motion for Summary Judgment (Apr. 16, 2012)...............JA-245

Exhibit 3 to Defendants' Motion for Summary Judgment (Apr. 16, 2012)...............JA-268

Plaintiff's Response In Opposition to Defendants' Statement of Undisputed or Indisputable Facts .......................................................................................................JA-282

APPEAL,CLOSED,KCC,MAG

# U.S. District Court
## Western District of Pennsylvania (Pittsburgh)
### CIVIL DOCKET FOR CASE #: 2:12-cv-00944-MRH-LPL

| | |
|---|---|
| WILLIAMS v. WETZEL et al | Date Filed: 07/10/2012 |
| Assigned to: Judge Mark R. Hornak | Date Terminated: 01/22/2014 |
| Referred to: Magistrate Judge Lisa Pupo Lenihan | Jury Demand: Defendant |
| Case in other court: 3d Cir. USCA, 14-01469 | Nature of Suit: 555 Prisoner Civil |
| Cause: 42:1983pr Prisoner Civil Rights | Rights (Prison Condition) |
| | Jurisdiction: Federal Question |

**Plaintiff**

**CRAIG WILLIAMS**                    represented by **CRAIG WILLIAMS**
                                                      BX-9919
                                                      SCI Albion
                                                      10745 Route 18
                                                      Albion, PA 16475
                                                      PRO SE

V.

**Defendant**

**JOHN WETZEL**                       represented by **Kemal Alexander Mericli**
*of the Department of Corrections*                    Office of the Attorney General
                                                      Civil Litigation Section
                                                      564 Forbes Avenue
                                                      6th Floor, Manor Complex
                                                      Pittsburgh, PA 15219
                                                      (412) 565-7680
                                                      Fax: (412)565-3019
                                                      Email: kmericli@attorneygeneral.gov
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

**Defendant**

**DORINA VARNER**                     represented by **Kemal Alexander Mericli**
*Chief Grevance Coordinator*                          (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

**Defendant**

**TINA FRIDAY**                       represented by **Kemal Alexander Mericli**
*Records Officer, in her Individual and*              (See above for address)
*Official Capacity*

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**JEFFREY R. ROGERS**                     represented by   **Kemal Alexander Mericli**
*Manager, in his individual and Official*                  (See above for address)
*Capacity*                                                 *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

**Defendant**

**TRACY SHAWLEY**                         represented by   **Kemal Alexander Mericli**
*Greivance Coordinator, in her*                            (See above for address)
*indvidual and Official Capacity*                          *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

**Defendant**

**LOUIS S. FOLINO**                       represented by   **Kemal Alexander Mericli**
*in his Individual and Official Capacity*                  (See above for address)
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/10/2012 | 1 | MOTION for Leave to Proceed in forma pauperis by CRAIG WILLIAMS. (Attachments: # 1 Complaint, # 2 Authorization by Prisoner, # 3 District Judge Option, # 4 Envelope) (jv) (Entered: 07/10/2012) |
| 07/11/2012 | 2 | ORDER that the Motion to Proceed In Forma Pauperis (ECF. No. 1 ) is GRANTED and the Clerk of Court is directed to file the complaint. Signed by Chief Magistrate Judge Lisa Pupo Lenihan on 07/11/2012. (Attachments: # 1 Exhibit Authorization Form) (jmb) (Entered: 07/11/2012) |
| 07/11/2012 | 3 | COMPLAINT against LOUIS S. FOLINO, TINA FRIDAY, JEFFREY R. ROGERS, TRACY SHAWLEY, DORINA VARNER, JOHN WETZEL, filed by CRAIG WILLIAMS. (Attachments: # 1 Envelope) (jv) (Entered: 07/11/2012) |
| 07/11/2012 | 4 | Authorization permitting withdrawal of prison account funds to pay filing fee by CRAIG WILLIAMS. (Attachments: # 1 Envelope) (jv) (Entered: 07/11/2012) |
| 07/11/2012 | 5 | DISTRICT JUDGE OPTION by CRAIG WILLIAMS to have this case randomly assigned to a U.S. District Judge. (Attachments: # 1 Envelope) (jv) (Entered: 07/11/2012) |
| 07/12/2012 | | Magistrate Judge Lisa Pupo Lenihan no presider in case. (gmp) (Entered: 07/12/2012) |
| 07/12/2012 | | Judge Mark R. Hornak is presider and Magistrate Judge Lisa Pupo Lenihan is referred. (gmp) (Entered: 07/12/2012) |
| 08/30/2012 | 6 | |

JA-2

| | | |
|---|---|---|
| | | Authorization permitting withdrawal of prison account funds to pay filing fee by CRAIG WILLIAMS. (Attachments: # <u>1</u> Envelope) (jv) (Entered: 08/31/2012) |
| 09/12/2012 | | Remark: A certified copy of plaintiffs Authorization (ECF No. <u>6</u> ) was mailed to the Inmate Account Officer at S.C.I. Greene. (jmb) (Entered: 09/12/2012) |
| 09/12/2012 | <u>7</u> | ORDER ENTERED that the United States Marshal is directed to mail a copy of the Complaint (ECF No. <u>3</u> ), notice of lawsuit and request for waiver of service of summons, and waiver, and this order to each defendant as directed by plaintiff. Cost of service shall be advanced by the United States. The defendants are requested to waive service pursuant to Rule4(d). Signed by Chief Magistrate Judge Lisa Pupo Lenihan on 09/12/2012. (jmb) (Entered: 09/12/2012) |
| 09/12/2012 | | Remark: Service copies were forwarded to the U.S. Marshals. (jmb) (Entered: 09/12/2012) |
| 10/04/2012 | <u>8</u> | NOTICE of Change of Address by CRAIG WILLIAMS. FILER advised that the change of address has been made on above captioned matter only. If you wish to have address changed on other matters before this court, it is your responsibility to file such a notice at each case number. This NEF has been mailed to CRAIG WILLIAMS. (mjl) (Entered: 10/04/2012) |
| 10/17/2012 | <u>9</u> | NOTICE of Change of Address by CRAIG WILLIAMS. FILER advised that the change of address has been made on above captioned matter only. If you wish to have address changed on other matters before this court, it is your responsibility to file such a notice at each case number. This NEF has been mailed to CRAIG WILLIAMS. (gv) (Entered: 10/17/2012) |
| 10/23/2012 | <u>10</u> | NOTICE of Appearance by Kemal Alexander Mericli on behalf of LOUIS S. FOLINO, TINA FRIDAY, JEFFREY R. ROGERS, TRACY SHAWLEY, DORINA VARNER, JOHN WETZEL. (Mericli, Kemal) (Entered: 10/23/2012) |
| 10/26/2012 | <u>11</u> | WAIVER OF SERVICE Returned Executed JOHN WETZEL waiver sent on 9/18/2012, answer due 11/19/2012. (jv) (Entered: 10/26/2012) |
| 10/26/2012 | <u>12</u> | WAIVER OF SERVICE Returned Executed LOUIS S. FOLINO waiver sent on 9/18/2012, answer due 11/19/2012. (jv) (Entered: 10/26/2012) |
| 10/26/2012 | <u>13</u> | WAIVER OF SERVICE Returned Executed TINA FRIDAY waiver sent on 9/18/2012, answer due 11/19/2012. (jv) (Entered: 10/26/2012) |
| 10/26/2012 | <u>14</u> | WAIVER OF SERVICE Returned Executed TRACY SHAWLEY waiver sent on 9/18/2012, answer due 11/19/2012. (jv) (Entered: 10/26/2012) |
| 10/26/2012 | <u>15</u> | WAIVER OF SERVICE Returned Executed DORINA VARNER waiver sent on 9/18/2012, answer due 11/19/2012. (jv) (Entered: 10/26/2012) |
| 10/26/2012 | <u>16</u> | WAIVER OF SERVICE Returned Executed JEFFREY R. ROGERS waiver sent on 9/18/2012, answer due 11/19/2012. (jv) (Entered: 10/26/2012) |
| 11/14/2012 | <u>17</u> | *Defendants'* ANSWER to <u>3</u> Complaint by LOUIS S. FOLINO, TINA FRIDAY, JEFFREY R. ROGERS, TRACY SHAWLEY, DORINA VARNER, JOHN WETZEL. (Mericli, Kemal) (Entered: 11/14/2012) |
| 11/19/2012 | <u>18</u> | |

|  |  |  |
|---|---|---|
|  |  | CASE MANAGEMENT ORDER; that no formal discovery, such as interrogatories, requests for production or requests for admission will be allowed in this case without leave of court. However, no later than December 21, 2012, the defendant(s) shall provide plaintiff with the following: (1) all incident reports, grievances, disciplinary reports, or other similar documents in its possession concerning the alleged incident or incidents; (2) all policies that are available to inmates regarding housing inmates at SCI-Greene in the capital unit or whatever area Plaintiff was housed while at that facility and what procedures an inmate is entitled to prior to and during such housing designations. (3) Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1). Plaintiff shall, no later than December 31, 2012, advise the court of any further discovery, if any, he deems necessary for the prosecution of this case. He may not submit requests for discovery to the defendant(s) without leave of court. All dispositive motions and briefs in support thereof must be filed by March 1, 2013. Responses are due April 1, 2013. Signed by Chief Magistrate Judge Lisa Pupo Lenihan on 11/19/2012. (jmb) (Entered: 11/19/2012) |
| 12/19/2012 | 19 | MOTION for Leave from the Court to send introgatories and admissions to the defendants by CRAIG WILLIAMS. Motion(s) referred to Lisa Pupo Lenihan. (Attachments: # 1 Exhibit, # 2 Envelope) (jv) (Entered: 12/19/2012) |
| 12/21/2012 |  | ORDER denying without prejudice 19 Motion for Leave to File Interrogatories and admissions. Plaintiff is correct that he needs court approval prior to serving any discovery on the defendants. However, before granting this approval, the court requires that Plaintiff provide a copy of the discovery that he wishes to serve on the defendants. Following a review of same, the court will make a ruling. Because the December 31, 2012 deadline is fast approaching, the court will, sua sponte, grant Plaintiff an extension to submit his proposed discovery until January 16, 2013. Signed by Magistrate Judge Lisa Pupo Lenihan on 12/21/12. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (Lenihan, Lisa) (Entered: 12/21/2012) |
| 01/02/2013 | 20 | NOTICE of Letter of Advisement by CRAIG WILLIAMS (Attachments: # 1 Exhibit, # 2 Envelope) (jv) (Entered: 01/02/2013) |
| 01/16/2013 |  | Plaintiff filed a Letter of Advisement (ECF No. 20 ) which the Court interprets as a motion to compel. Therefore, IT IS ORDERED that opposing counsel shall file a response to this filing no later than January 23, 2013. Signed by Chief Magistrate Judge Lisa Pupo Lenihan on 01/16/2013. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (jmb) (Entered: 01/16/2013) |
| 01/23/2013 | 21 | MOTION for Extension of Time to File *Response to Plaintiff's Letter of Advisement or in the alternative a Motion for a Protective Order*, MOTION for Extension of Time to File Response/Reply as to Response/Briefing Schedule, *due by February 22, 2013* by LOUIS S. FOLINO, TINA FRIDAY, JEFFREY R. ROGERS, TRACY SHAWLEY, DORINA VARNER, JOHN WETZEL. Motion(s) referred to Lisa Pupo Lenihan. (Attachments: # 1 Proposed Order) (Mericli, Kemal) (Entered: 01/23/2013) |
| 01/24/2013 | 22 |  |

|  |  | ORDER GRANTING the 21 Motion for Extension of Time. Defendants' Response to the Court's Order dated January 16, 2013 shall be filed no later than February 22, 2013, or in the alternative, a Motion for Protective Order will be filed by February 22, 2013 by the Defendants. Signed by Chief Magistrate Judge Lisa Pupo Lenihan on 01/24/2013. (jmb) (Entered: 01/24/2013) |
| 01/30/2013 | 23 | MOTION for Leave to serve Discovery w/attachments by CRAIG WILLIAMS. Motion(s) referred to Lisa Pupo Lenihan. (Attachments: # 1 Exhibit, # 2 Envelope) (jv) (Entered: 01/30/2013) |
| 01/31/2013 |  | ORDER granting 23 Motion for Leave to serve discovery. The Defendants are to consider themselves served as of this date with the discovery requests filed by Plaintiff. Responses pursuant to the Federal Rules of Discovery are due in 30 days. Signed by Magistrate Judge Lisa Pupo Lenihan on 1/31/13. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (Lenihan, Lisa) (Entered: 01/31/2013) |
| 02/22/2013 | 24 | MOTION for Protective Order by LOUIS S. FOLINO, TINA FRIDAY, JEFFREY R. ROGERS, TRACY SHAWLEY, DORINA VARNER, JOHN WETZEL. Motion(s) referred to Lisa Pupo Lenihan. (Attachments: # 1 Proposed Order, # 2 Exhibit 1, # 3 Exhibit 2) (Mericli, Kemal) (Entered: 02/22/2013) |
| 02/25/2013 |  | ORDER re 24 Motion for Protective Order, filed by DORINA VARNER, LOUIS S. FOLINO, TRACY SHAWLEY, JOHN WETZEL, TINA FRIDAY, JEFFREY R. ROGERS. Should Plaintiff wish to file a response to this Motion, he is to do so no later than March 8, 2013. If no response is filed the court will decide the motion based on what is presently before it. Signed by Magistrate Judge Lisa Pupo Lenihan on 2/25/13. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (Lenihan, Lisa) (Entered: 02/25/2013) |
| 02/25/2013 | 25 | MOTION to Compel Discovery by CRAIG WILLIAMS. Motion(s) referred to Lisa Pupo Lenihan. (Attachments: # 1 Envelope) (jv) (Entered: 02/25/2013) |
| 02/25/2013 | 26 | MOTION for Leave to File Second Set of Interrogatories by CRAIG WILLIAMS. Motion(s) referred to Lisa Pupo Lenihan. (Attachments: # 1 Envelope) (jv) (Entered: 02/25/2013) |
| 02/26/2013 |  | ORDER granting 26 Motion for Leave to File second set of interrogatories. Defendants are to consider themselves served on this date and respond within 30 days per the federal rules of discovery. In light of this request deadlines are extended as follows: Discovery closes 3/28/2013. Summary Judgment due by 4/1/2013. Response to Summary Judgment due by 5/1/2013. Signed by Magistrate Judge Lisa Pupo Lenihan on 2/26/13. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (Lenihan, Lisa) (Entered: 02/26/2013) |
| 02/26/2013 |  | ORDER denying 25 Motion to Compel discovery. The documents requested by Plaintiff are not relevant and inadmissible in this case. Further, they are directed toward persons who are not defendants in this matter. In addition, the court knows from its 8 year history of presiding over cases of this nature that it would indeed be unduly burdensome to try and locate the information requested. |

| | | Contrary to Plaintiff's beliefs, and unfortunate for many reasons, the Department of Corrections does not "have access to advance computer age technology." Signed by Magistrate Judge Lisa Pupo Lenihan on 2/26/13. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (Lenihan, Lisa) (Entered: 02/26/2013) |
|------------|----|---|
| 03/04/2013 | 27 | RESPONSE to Motion re 24 MOTION for Protective Order filed by CRAIG WILLIAMS. (Attachments: # 1 Declaration of Craig Williams, # 2 Envelope) (jv) (Entered: 03/04/2013) |
| 03/06/2013 | 28 | ORDER that Defendants Motion for a Protective Order (ECF No. 24 ) is GRANTED and no Institutional Cumulative Adjustment Records pertaining to Plaintiff or any other inmate of the Pennsylvania Department of Corrections shall be produced in discovery in this case. Signed by Chief Magistrate Judge Lisa Pupo Lenihan on 03/'06/2013. (jmb) (Entered: 03/06/2013) |
| 03/06/2013 | 29 | MOTION to Appoint Counsel by CRAIG WILLIAMS. Motion(s) referred to Lisa Pupo Lenihan. (Attachments: # 1 Exhibit, # 2 Envelope) (jv) (Entered: 03/06/2013) |
| 03/06/2013 | | W/ 29 BRIEF in Support re 29 Motion to Appoint Counsel filed by CRAIG WILLIAMS. (jv) (Entered: 03/06/2013) |
| 03/07/2013 | 30 | ORDER DENYING the 29 Motion to Appoint Counsel. Signed by Chief Magistrate Judge Lisa Pupo Lenihan on 03/07/2013. (jmb) (Entered: 03/07/2013) |
| 03/15/2013 | 31 | OBJECTIONS to 28 Memorandum Order on Motion for Protective Order, by CRAIG WILLIAMS. (Attachments: # 1 Envelope) (jv) (Entered: 03/15/2013) |
| 03/28/2013 | 32 | NOTICE to Court by CRAIG WILLIAMS (Attachments: # 1 Envelope) (jv) (Entered: 03/28/2013) |
| 03/28/2013 | 33 | MOTION for Extension of Time to File *Motion for Summary Judgment* by LOUIS S. FOLINO, TINA FRIDAY, JEFFREY R. ROGERS, TRACY SHAWLEY, DORINA VARNER, JOHN WETZEL. Motion(s) referred to Lisa Pupo Lenihan. (Attachments: # 1 Proposed Order) (Mericli, Kemal) (Entered: 03/28/2013) |
| 03/29/2013 | | ORDER that Plaintiffs Notice (ECF No. 32 ) states that he did not receive the Order of Court dated February 26, 2013, denying the Motion to Compel (ECF No. 25 ). He indicates that had he received it, he would have filed a notice of appeal to the District Judge. Therefore, IT IS ORDERED that the Clerk of Court forward the two text Orders dated February 26, 2013. IT IS FURTHER ORDERED that the plaintiff's appeal time on these orders is extended until April 12, 2013. Signed by Chief Magistrate Judge Lisa Pupo Lenihan on 03/29/2013. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (jmb) (Entered: 03/29/2013) |
| 03/29/2013 | | Remark: A copy of the text Orders entered February 26, 2013 were forwarded to the plaintiff at his address of record. (jmb) (Entered: 03/29/2013) |
| 03/29/2013 | 34 | |

JA-6

|            |    | ORDER GRANTING the 33 Motion for Extension of Time to File Motion for Summary Judgment. Defendants' Motion for Summary Judgment shall be filed no later than May 1, 2013. Response due June 3, 2013. Signed by Chief Magistrate Judge Lisa Pupo Lenihan on 03/29/2013. (jmb) (Entered: 03/29/2013) |
| ---------- | -- | --- |
| 04/10/2013 | 35 | APPEAL OF MAGISTRATE JUDGE DECISION to District Court by CRAIG WILLIAMS re Order on Motion to Compel, (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Envelope) (jv) (Entered: 04/10/2013) |
| 04/25/2013 | 36 | MOTION for Summary Judgment by LOUIS S. FOLINO, TINA FRIDAY, JEFFREY R. ROGERS, TRACY SHAWLEY, DORINA VARNER, JOHN WETZEL. Motion(s) referred to Lisa Pupo Lenihan. (Attachments: # 1 Proposed Order) (Mericli, Kemal) (Entered: 04/25/2013) |
| 04/25/2013 | 37 | BRIEF in Support re 36 Motion for Summary Judgment filed by LOUIS S. FOLINO, TINA FRIDAY, JEFFREY R. ROGERS, TRACY SHAWLEY, DORINA VARNER, JOHN WETZEL. (Mericli, Kemal) (Entered: 04/25/2013) |
| 04/25/2013 | 38 | CONCISE STATEMENT OF MATERIAL FACTS *Not In Dispute* re 36 Motion for Summary Judgment by LOUIS S. FOLINO, TINA FRIDAY, JEFFREY R. ROGERS, TRACY SHAWLEY, DORINA VARNER, JOHN WETZEL. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit) (Mericli, Kemal) (Entered: 04/25/2013) |
| 04/26/2013 | 39 | ORDER Response/Briefing Schedule re 36 Motion for Summary Judgment, 37 Brief in Support of Motion, and 38 Concise Statement of Material Facts. IT IS HEREBY ORDERED that Plaintiff shall be allowed until June 3, 2013 to respond to Defendants' Motion for Summary Judgment as more fully explained herein. Response to Motion due by 6/3/2013. Signed by Magistrate Judge Lisa Pupo Lenihan on April 26, 2013. (kcc) (Entered: 04/26/2013) |
| 04/26/2013 |    | ORDER affirming denying Motion to Compel and overruling Objection to such Order. The Order of the Magistrate Judge dated February 26, 2013 denying the Plaintiff's Motion to Compel is affirmed, and adopted by this Court. The Order is a non-dispositve Order pursuant to Fed. R. Civ. P. 72(a), is not clearly erroneous, nor contrary to law, and treating the appeal as an objection pursuant to Fed. R. Civ. P. 72(a), the objection is overruled. Signed by Judge Mark R. Hornak on 04/26/2013. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (Hornak, Mark) (Entered: 04/26/2013) |
| 05/23/2013 | 40 | MOTION for Extension of Time to File Response as to 36 MOTION for Summary Judgment by CRAIG WILLIAMS. Motion(s) referred to Lisa Pupo Lenihan. (Attachments: # 1 Envelope) (jv) (Entered: 05/23/2013) |
| 05/24/2013 |    | ORDER granting 40 Motion for Extension of Time to File Response/Reply re 36 MOTION for Summary Judgment . Responses due by 6/13/2013. Signed by Magistrate Judge Lisa Pupo Lenihan on 5/24/13. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (Lenihan, Lisa) (Entered: 05/24/2013) |
| 05/24/2013 | 41 | |

| | | |
|---|---|---|
| | | RESPONSE IN OPPOSITION to 36 Motion for Summary Judgment, filed by CRAIG WILLIAMS. (Attachments: # 1 Envelope) (jv) (Entered: 05/24/2013) |
| 05/24/2013 | 42 | BRIEF in Opposition re 36 Motion for Summary Judgment filed by CRAIG WILLIAMS. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Envelope) (jv) (Entered: 05/24/2013) |
| 05/24/2013 | 43 | COUNTER 38 Concise Statement of Material Facts, by CRAIG WILLIAMS. (Attachments: # 1 Envelope) (jv) (Entered: 05/24/2013) |
| 12/09/2013 | 44 | REPORT AND RECOMMENDATION re 36 MOTION for Summary Judgment. It is respectfully recommended that Defendants' Motion for Summary Judgment be granted. Objections to R&R due by 12/26/2013. Signed by Magistrate Judge Lisa Pupo Lenihan on December 9, 2013. (kcc) (Entered: 12/09/2013) |
| 12/19/2013 | 45 | OBJECTIONS to 44 Report and Recommendation by CRAIG WILLIAMS. (Attachments: # 1 Envelope) (jv) (Entered: 12/19/2013) |
| 01/22/2014 | 46 | MEMORANDUM ORDER. It is hereby ORDERED that defts' 36 Motion for Summary Judgment is GRANTED. It is further ORDERED that 44 Report and Recommendation is ADOPTED as the Opinion of the Court. It is further ORDERED that the Clerk of Court mark this case CLOSED. Signed by Judge Mark R. Hornak on 1/22/14. (bdb) (Entered: 01/22/2014) |
| 01/22/2014 | | Remark: A letter, along with 46 Memorandum Order and the ECF filing receipt were mailed via certified and regular mail to Mr. Williams on 1/22/14. Text-only entry. No PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (bdb) (Entered: 01/22/2014) |
| 01/27/2014 | | Remark: The signed certified mail card from the 1/22/13 mailing to Craig Williams was returned to Chambers 1/27/13. (jad) (Entered: 01/27/2014) |
| 02/21/2014 | 47 | NOTICE OF APPEAL as to 46 Order on Motion for Summary Judgment, Order on Report and Recommendations, by CRAIG WILLIAMS. Motion for IFP Granted. Certificate of Appealability N/A. Court Reporter(s): None. The Clerk's Office hereby certifies the record and the docket sheet available through ECF to be the certified list in lieu of the record and/or the certified copy of the docket entries. The Transcript Purchase Order form will NOT be mailed to the parties. The form is available on the Court's internet site. (Attachments: # 1 Envelope) (jv) (Entered: 02/21/2014) |
| 09/16/2014 | 48 | ORDER of USCA as to 47 Notice of Appeal filed by CRAIG WILLIAMS, granting Motion to proceed in forma pauperis on Appeal. (mlr3, ) (Entered: 09/16/2014) |
| 09/25/2014 | 49 | Partial Payment of Filing Fee by CRAIG WILLIAMS. Fee $5.98, receipt number 24668028177. (gmp) (Entered: 09/25/2014) |

| PACER Service Center |
|---|
| Transaction Receipt |

| 12/14/2015 17:10:52 | | | |
|---|---|---|---|
| PACER Login: | wl0041:2662648:0 | Client Code: | 999072 |
| Description: | Docket Report | Search Criteria: | 2:12-cv-00944-MRH-LPL |
| Billable Pages: | 7 | Cost: | 0.70 |

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNA.

CRAIG WILLIAMS
        PLAINTIFF

V.

JOHN WETZEL, SUPT. LOUIS
FOLINO, GRIEVANCE & APPEALS
DORINA VARNER, GRIEVANCE
COORDINATOR T. SHAWLEY, TINA
FRIDAY, RECORDS. J. ROGERS
P.R.C., et al. DEFENDANTS

File Number 12-944

Notice Of Appeal

**FILED**

FEB 21 2014

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

NOTICE is hereby given that Craig Williams is taking appeal in the above named case, hereby appeals to the United States Court of Appeal for the Third Circuit from the final judgment from an order granting Defendants Motion For Summary Judgment, entered on January 22nd 2014 By Chief Magistrate Judge Lisa Pupo Lenihan and District Judge Mark R. Hornak.

Date: 2/18/14

s Craig Williams
Craig Williams #BX-9919
10745, Route 18
Albion, Pa. 16475-0002

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CRAIG WILLIAMS, | ) | Civil Action No. 12 – 944 |
| Plaintiff, | ) | |
| | ) | District Judge Mark R. Hornak |
| v. | ) | Chief Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| JOHN WETZEL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM ORDER

Pending before the Court is a Motion for Summary Judgment filed by the Defendants (ECF No. 36) and the Report and Recommendation of Chief Magistrate Judge Lenihan (ECF No. 44) who recommended that the Motion for Summary Judgment be granted. The parties were served with the Report and Recommendation and informed that they had until December 26, 2013, to file written objections. Plaintiff filed objections on December 19, 2013. (ECF No. 45).

Upon thorough review, the Court finds that Plaintiff's objections do not undermine the magistrate judge's recommendation. Therefore, after *de novo* review of the pleadings and documents in the case, together with the Report and Recommendation, and the objections thereto, the following order is entered.

**AND NOW**, this 22nd day of January, 2014,

**IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment (ECF No. 36) is **GRANTED**.

1

**IT IS FURTHER ORDERED** that the Report and Recommendation (ECF No. 44) is **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that the Clerk of Court mark this case **CLOSED**.

**AND IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Petitioner has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

By the Court:

Mark R. Hornak
United States District Judge

cc:  Craig Williams
     BX-9919
     SCI Albion
     10745 Route 18
     Albion, PA  16475
     (*Via First Class Mail*)

     Counsel of Record
     (*Via ECF Electronic Mail*)

2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CRAIG WILLIAMS, | ) | |
| | ) | Civil Action No. 12 - 944 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | District Judge Mark R. Hornak |
| | ) | Chief Magistrate Judge Lisa Pupo Lenihan |
| JOHN WETZEL, *of the Department of* | ) | |
| *Corrections*, DORINA VARNE, *Chief* | ) | ECF No. 36 |
| *Grievance Coordinator*, TINA | ) | |
| FRIDAY, *Records Officer*, JEFFREY | ) | |
| R. ROGERS, *Manager*, TRACY | ) | |
| SHAWLEY, *Grievance Coordinator*, | ) | |
| LOUIS S. FOLINO, | ) | |
| | ) | |
| Defendants. | ) | |

### REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

For the reasons that follow, it is respectfully recommended that Defendants' Motion for Summary Judgment (ECF No. 36) be granted.

**II.    REPORT**

Craig Williams ("Plaintiff") is an inmate committed to the custody of the Pennsylvania Department of Corrections. He was formerly a capital inmate who was resentenced to life without parole on May 1, 2012, upon the District Attorney's formal withdrawal of the death penalty. On July 10, 2012, he initiated this action pursuant to the Civil Rights Act, 42 U.S.C. § 1983, for alleged violations of his rights arising out of an approximate five-year and ten-month period of confinement in the Capital Case Unit ("C.C.U.") (a.k.a. "death row") at SCI-Greene, during which time he claims that he was a "pretrial detainee," that his confinement on death row

1

was "punishment," and that he should have been housed in the general population of the prison. For the reasons set forth herein, Defendants should be granted summary judgment.

### A. Factual Background

On June 16, 1988, following a jury trial in the Court of Common Pleas of Philadelphia County, Plaintiff was found guilty of, among other crimes, first degree murder. *See* Williams v. Love, 1995 U.S. Dist. LEXIS 6674, at *1 (E.D. Pa. May 17, 1995). After a penalty hearing, the jury returned a sentence of death, which was imposed upon Plaintiff on January 29, 1990. Id. at *2. His judgment of sentence was affirmed by the Pennsylvania Supreme Court on October 9, 1992. Id.; *see also* Commonwealth v. Williams, 615 A.2d 716 (Pa. 1992).

Plaintiff filed a petition pursuant to Pennsylvania's Post-Conviction Relief Act ("PCRA"), which was ultimately denied on December 4, 1997. *See* Commonwealth v. Williams, 782 A.2d 517 (Pa. 2001). The denial of post-conviction relief was reversed on appeal on grounds of procedural error and the appeals court remanded to the lower court to have it corrected. Id. at 562, 569. On June 8, 2006, after numerous years of litigation in the lower court, the Commonwealth conceded that a new penalty hearing was warranted. *See* Commonwealth v. Williams, 980 A.2d 510, 517 (Pa. 2009). On July 11, 2006, the lower court entered an order granting Plaintiff a new penalty hearing but denying the guilt-phase claims contained in his PCRA petition. Id. The lower court issued its opinion in support of its decision on November 29, 2006. Id. Plaintiff appealed the denial of his guilt-phase claims and the Pennsylvania Supreme Court affirmed the denial of PCRA relief in the form of a new trial on October 2, 2009. Id. at 533. Plaintiff's petition for certiorari to the United States Supreme Court was denied on June 10, 2010. *See* Williams v. Pennsylvania, 130 S. Ct. 3353 (2010).

2

The case returned to the Court of Common Pleas and the District Attorney formally withdrew the death penalty on May 1, 2012.[1]   *See* ECF No. 38-1 at p.17.   Plaintiff was resentenced to life without parole on his first degree murder conviction and ordered to be placed in general population forthwith.   Id.   Shortley thereafter he was transferred from SCI-Greene and sent to SCI-Albion where there is no "death row."

**B. Summary Judgment Standard**

Defendants have filed a Motion for Summary Judgment.   Summary judgment is appropriate if, drawing all inferences in favor of the non-moving party, the record indicates that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).   Summary judgment may be granted against a party who fails to adduce facts sufficient to establish the existence of any element to that party's case and for which that party will bear the burden of proof at trial.   Celotex Corp. v. Catrett, 477 U.S. 317 (1986). The moving party bears the initial burden of identifying evidence or the lack thereof that demonstrates the absence of a genuine issue of material fact.   National State Bank v. Federal Reserve Bank of New York, 979 F.2d 1579, 1582 (3d Cir. 1992).   Once that burden has been met, the non-moving party must set forth "specific facts showing that there is a genuine issue for trial" or the factual record will be taken as presented by the moving party and judgment will be entered as a matter of law.   Matsushita Elec. Ind. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).   An issue is genuine only if the evidence is such that a reasonable jury could return a verdict for the non-moving party.   Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).   The inquiry, then, involves determining "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter

---

[1] From Plaintiff's criminal court docket sheet, it appears that the delay in resentencing was attributed to appointment of counsel for Plaintiff, as well as several continuances filed by both the Commonwealth and the defense. *See* ECF No. 38-1 at pp.15-17.

3

of law." Brown v. Grabowski, 922 F.2d 1097, 1111 (3d Cir. 1990) (quoting Anderson, 477 U.S. at 251-52). If a court, having reviewed the evidence with this standard in mind, concludes that "the evidence is merely colorable . . . or is not significantly probative," then summary judgment may be granted. Anderson, 477 U.S. at 249-50. Finally, while any evidence used to support a motion for summary judgment must be admissible, it is not necessary for it to be in admissible form. See Fed. R. Civ. P. 56(c); Celotex, 477 U.S. at 324; J.F. Feeser, Inc., v. Serv-A-Portion, Inc., 909 F.2d 1524, 1542 (3d Cir. 1990).

## C. Discussion

### 1. Confinement in the C.C.U. Pursuant to DOC Policy

Plaintiff's first claim relates to the period of time he spent in the C.C.U. after the PCRA court granted Plaintiff a new sentencing hearing on July 11, 2006, and until the District Attorney formally withdrew the death penalty on May 1, 2012, at which time Plaintiff was sentenced to life imprisonment without the possibility of parole. During this time, Plaintiff claims that he was a "pretrial detainee" because his death sentence had been vacated and that he should have been housed in the general population of the prison because the District Attorney did not appeal the grant of a new sentencing hearing.[2] Defendants maintain that his confinement in the C.C.U. was authorized by Department of Corrections Policy DC-ADM 6.5.8.1.S, as interpreted by the department to mean that an inmate whose death sentence has been set aside must stay on death row until it is clear that the death penalty will not be re-imposed and that the inmate has been resentenced to life in prison. They contend that this was explained to Plaintiff numerous times in response to his grievances; specifically, that even though he had been granted a new sentencing hearing, his case was on appeal from the denial of PCRA relief in the form of a new trial and that

---

[2] After several failed attempts to obtain the PCRA court's July 11, 2006 order granting Plaintiff a new sentencing hearing but denying him a new trial, the Court does not know what the PCRA court stated in its order and whether Plaintiff's death sentence was actually "vacated" as he alleges.

a death sentence could still be re-imposed. Therefore, until it was established that he would not be resentenced to death, he had to stay in the C.C.U. Plaintiff takes issue with the DOC's interpretation of the policy arguing that because the District Attorney did not appeal the PCRA court's grant of a new sentencing hearing- and Plaintiff appealed the denial of relief in the form of a new trial- he should have been released into the general population at that time. He claims that his continued confinement on death row violated his due process rights and that it was wrongly punitive.

First, pursuant to the aforementioned DOC policy, the undersigned agrees with Defendants' position as to why Plaintiff was confined in the C.C.U. during the disputed period of time. Capital Case Procedures Manual 6.5.8, Section 1 states, in pertinent part:

S. Modification of Sentence

1.  In the event that an order is received modifying the sentence of a Capital Case inmate to life imprisonment due to a re-sentencing proceeding held as the result of an appeal or Post Conviction Relief Act, or as the result of a commutation, the facility Records Supervisor must determine whether the order is valid and whether the District Attorney intends to appeal the order.

2.  If the District Attorney intends to appeal, the inmate shall not be moved from the Capital Case unit until the appeal is resolved. However, the inmate may be moved from the Capital Case Unit, if the District Attorney does not file an appeal within 30 days.

3.  If the District Attorney does not intend to appeal and if the inmate does not remain subject to an execution sentence as the result of a prosecution other than the sentence modified in the order, the inmate may be moved from the Capital Case Unit.

(ECF No. 38-2.) Plaintiff maintains that from July 11, 2006, until May 1, 2012, he was wrongfully detained in the C.C.U. in violation of this policy because his sentence was vacated when the PCRA court granted him a new sentencing hearing on July 11, 2006, and the District Attorney did not appeal that decision. However, Plaintiff is incorrect because it was not until

5

May 1, 2012, that condition 1 of the policy had been met since that is when Plaintiff's sentence was *modified* "to life imprisonment due to a re-sentencing proceeding." Before that time, there was no order modifying Plaintiff's sentence to life imprisonment. Plaintiff had been granted a new sentencing hearing by the PCRA court but the possibility of a death sentence was still on the table. Furthermore, Plaintiff's death sentence could have been re-imposed had the District Attorney not formally withdrew the death penalty at his re-sentencing proceeding on May 1, 2012. After Plaintiff was resentenced to life, condition 1 of the DOC policy had been met and he was promptly moved into general population.

It appears as though Plaintiff's claim is premised on the argument that the DOC did not follow condition 2 of their policy. He argues that, because the District Attorney did not appeal the PCRA court's grant of a new sentencing hearing, he should have been released to general population on July 11, 2006. As explained above, Plaintiff's argument is flawed because condition 1 of the policy - the modification of his sentence to life imprisonment *due to a re-sentencing proceeding* - did not occur until May 1, 2012. As far as the Court is aware, the District Attorney did not appeal Plaintiff's new sentence so he was then released out of the C.C.U. in accordance with condition 3 of the policy. The delay in Plaintiff's re-sentencing proceeding was attributable to his appeal of the denial of PCRA relief as to his guilt phase claims. The fact that Plaintiff spent five-years and ten-months in the C.C.U. waiting to be resentenced only to be resentenced to life does not give rise to a constitutional violation or a violation of the DOC's policy.

Finally, even though the undersigned has expressly determined that there was no violation of the DOC's policy with regard to Plaintiff's confinement in the C.C.U. after July 11, 2006, any violation of the policy that may have occurred does not automatically give rise to a

6

constitutional violation. The simple fact that prison regulations prescribe certain procedures does not mean that the procedures thereby acquire a federal constitutional dimension. United States v. Jiles, 658 F.2d 194, 200 (3d Cir. 1981); Phillips v. Norris, 320 F.3d 844, 847 (8th Cir. 2003) ("[T]here is no federal constitutional liberty interest in having state officers follow state law or prison officials follow prison regulations . . . ."); Culbert v. Young, 834 F.2d 624, 628 (7th Cir. 1987) (the adoption of mere procedural guidelines does not give rise to a liberty interest; thus, the failure to follow regulations does not, in and of itself, result in a violation of due process); Shango v. Jurich, 681 F.2d 1091, 1101-02 (7th Cir. 1982) ("[A] state created procedural right is not itself a liberty interest . . . . States may decide to engage in such proceedings, but the due process clause does not compel them to do so because no constitutionally cognizable substantive interest of the prisoner is at stake."). Thus, violations of prison rules or regulations that require certain procedures, which are not compelled by the Federal Constitution because there is no liberty interest that those state mandated procedures protect, do not make out a claim under Section 1983. Hayes v. Muller, No. 96-3420, 1996 U.S. Dist. LEXIS 14987, at *20 n.5 (E.D. Pa. Oct. 10, 1996) ("[A] state does not violate an individual's federal constitutional right to procedural due process merely by deviating from its own established procedures"); Rowe v. Fauver, 533 F. Supp. 1239, 1246 n.10 (D. N.J. 1982) ("[A] failure by state officials to follow state procedural regulations not independently required by the Constitution fails to state a claim under the Due Process Clause.")

### 2. Due Process

#### a. Procedural Due Process

Plaintiff's due process claim fails because he did not have a liberty interest in being housed in general population during the time he was waiting to be resentenced. This issue was

7

squarely addressed by the Commonwealth Court of Pennsylvania in <u>Clark v. Beard</u>, 918 A.2d 155 (Pa. Cmwlth. 2007). In <u>Clark</u>, the court considered the cases of death row inmates whose death sentences had been vacated but who were still being held on death row at SCI-Greene and SCI-Graterford. The court first stated that it is entirely within the discretion of the DOC where to house a particular inmate, and it noted that "matters of prison management are uniquely the province of the executive and legislative branches of government . . . [and] [f]or this reason, judges may not indiscriminately denominate the place a prisoner is housed; statutes and regulations establish the presumptive place of confinement." <u>Id.</u> at 160, 161 (citing <u>Martin v. Jeffes</u>, 501 A.2d 308, 310 (Pa. Cmwlth. 1985); <u>Commonwealth v. Tuttles</u>, 782 A.2d 560, 563 (Pa. Super. 2001)).

Pursuant to the Supreme Court's decision in <u>Sandin v. Conner</u>, 515 U.S. 472 (1995), wherein the Supreme Court examined the circumstances under which state prison regulations afford inmates a liberty interest protected by the Due Process Clause of the Fourteenth Amendment,[3] the <u>Clark</u> court determined that the inmate plaintiffs had failed to plead sufficient facts to show that they had a state created liberty interest in being confined under some other conditions. In pertinent part, the court stated that the plaintiffs'

> complaint describes the conditions of the Capital Case Unit, but it is devoid of any baseline against which to measure those conditions and determine whether they pose an "atypical and significant hardship." For example, Appellants do not describe any of the conditions in the general population that they presumably believe are less restrictive than other types of segregated housing at SCI-Greene or SCI-Graterford. In short, a fair reading of Appellants' complaint does not indicate how confinement in the Capital Case Unit imposes atypical and significant hardships on Appellants in relation to the ordinary incidents of prison life.

<u>Clark</u>, 918 A.2d at 162-63.

---

[3] In <u>Sandin</u>, the Supreme Court held that prison conditions deprive a prisoner of a state created liberty interest that is protected by due process guarantees when they result in "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." <u>Sandin</u>, 515 U.S. at 483.

Furthermore, to the extent that the inmates in <u>Clark</u> focused on the indefinite duration of their confinement on death row in order to support a finding of a protected liberty interest, the court disagreed because this factor was not sufficient to create such a liberty interest in and of itself, and, in any event, an inmate could successfully have his capital punishment replaced by a sentence eligible to be discharged from custody in the C.C.U. *See id.* at 164. Moreover, the <u>Clark</u> court stated that according to Supreme Court precedent, indefinite duration had to be coupled with other factors, including extreme conditions imposed upon the inmate, which deprive him "of almost any environmental or sensory stimuli and of almost all human contact." *See* <u>id</u>. at 163-64 (citing <u>Wilkinson v. Austin</u>, 545 U.S. 209 (2005)).[4]

Perhaps in an attempt to argue that he was deprived of a liberty interest and distinguish his case from <u>Clark,</u> Plaintiff has described, in detail, the conditions in the C.C.U. and how they are more restrictive than the conditions in general population. He states that the differences include, *inter alia,* daily confinement in the cell for twenty-two hours; confinement in a locked cage during the other two hours of the day for law library, yard, and showers; a limited number of job selections and opportunities; dining alone in the cell; limited selection of games, which can only be played with other inmates through holes in the cage fence; no indoor recreation, cellmates, cigarettes, ice cream, juice, razors, or boots; no virtual televised visits; no vocational programs; medical consults and phone calls at the cell door with no privacy; handcuffed while

---

[4] In <u>Wilkinson,</u> the United States Supreme Court held that the conditions in Ohio's "Supermax" facility, which are more restrictive than any other form of incarceration in Ohio, "including conditions on its death row or in its administrative control unit," imposed an atypical and significant hardship on inmates in relation to the ordinary incidents of prison life, and, therefore, inmates had a liberty interest in avoiding placement in the facility. <u>Id</u>. at 214. In finding that the Supermax facility imposed such a hardship on the plaintiffs, the Supreme Court relied on three factors: (1) the extreme conditions imposed upon the inmates, which deprived them of almost any environmental or sensory stimuli and of almost all human contact; (2) the indefinite duration of placement in the Supermax facility; and (3) the automatic disqualification of eligibility for parole consideration. Significantly, the Court noted that "[w]hile any of these conditions standing alone might not be sufficient to create a liberty interest, taken together they impose an atypical and significant hardship within the correctional context." <u>Id</u>. at 224.

9

escorted and getting a haircut; and no visits to commissary (although items are ordered and brought to the prisoner's cell).

First, the Court is aware, and Defendants' exhibits confirm, that the conditions of confinement for inmates held on death row are the same as those for inmates held in administrative custody for other reasons. *See* DC-ADM 802 (defines custody status for both). Second, as the court stated in Clark, death row inmates in Pennsylvania who are successful at having their death sentences modified are eligible to be discharged from the C.C.U.; therefore, it is possible that their confinement in the C.C.U. may not be of indefinite duration. This was not the case for the Wilkinson inmates at the Supermax facility in Ohio. *See*, *supra*, FN 4.

Applying the same standards that the court applied in Clark, the undersigned finds that Plaintiff has failed to establish that his confinement in the C.C.U. imposed an atypical and significant hardship on him in relation to the ordinary incidents of prison life and therefore he did not have a liberty interest in avoiding being housed on death row from July 11, 2006 until May 1, 2012.

Plaintiff maintains that he was not an "inmate" but rather a "pretrial detainee" after the PCRA court vacated his death sentence on July 11, 2006. Assuming for the sake of argument that he is correct, Plaintiff's procedural due process claim would still fail.

The Third Circuit has stated that, while there is no liberty interest for a pretrial detainee to remain in general population, he has one in not being indefinitely detained in restrictive housing without explanation or periodic reviews of the confinement. Stevenson, 495 F.3d at 69. To comport with Supreme Court precedent, the detainee is only due a "minimal degree of process." *See* Stevenson, 495 F.3d at 70 (citing Hewitt v. Helms, 459 U.S. 460, 474 (1983), "the Due Process Clause requires only an informal nonadversary review of evidence . . . in order to

confine an inmate feared to be a threat to institutional security to administrative segregation."). Thus, prison officials here were only required to provide Plaintiff with an explanation of the reason for his confinement in the C.C.U. and an opportunity to respond. *See* id. But Plaintiff does not complain that he was not given an explanation for his confinement in the C.C.U. during the disputed period of time. Rather, Plaintiff implicitly acknowledges that he was given an explanation because he disagrees with the DOC's interpretation and application of DC-ADM 6.5.8.1.S, and, because of that, complains that he was wrongfully housed in the C.C.U. In short, he does not even state a claim for a procedural due process violation. Plaintiff was informed on numerous occasions that he was being held in the C.C.U. pursuant to DOC policy because the re-imposition of the death penalty remained a possibility and he had not yet been resentenced to life. He grieved and appealed this issue on many occasions. Therefore, he was given the required explanation. The record also reveals that he received periodic reviews during this time. This was sufficient procedural due process.

### b. Substantive Due Process

With respect to Plaintiff's substantive due process argument, the Supreme Court has explained that "the core of the concept" of due process is "protection against arbitrary action" and that "only the most egregious official conduct can be said to be 'arbitrary in the constitutional sense.'" County of Sacramento v. Lewis, 523 U.S. 833, 845-46 (1998) (citation omitted); *see also* United Artists Theatre Circuit, Inc. v. Township of Warrington, Pa., 316 F.3d 392, 399-400 (3d Cir. 2003) ("our cases have repeatedly acknowledged that executive action violates substantive due process only when it shocks the conscience."). Defendants' conduct clearly does not rise to this standard. They explained to Plaintiff on many occasions that he was being kept in the C.C.U. in accordance with DOC policy, and, as explained herein, there are

11

many legitimate penological purposes for that policy and they were acting in accordance with it. In short, there is nothing about Plaintiff's confinement in the C.C.U. that "shocks the conscience" so as to give rise to a substantive due process violation. Therefore, this claim should be disposed of as well.

Assuming for the sake of argument that Plaintiff was a "pretrial detainee" after the PCRA court vacated his death sentence on July 11, 2006, his substantive due process claim would be analyzed under the standards set out in Bell v. Wolfish, 441 U.S. 520 (1979), where the Supreme Court held that a pretrial detainee may not be punished prior to the adjudication of guilt in accordance with due process of law. 441 U.S. at 535-36. Plaintiff claims that his confinement in the C.C.U. after July 11, 2006, violated his due process rights because it was "punishment" since his death sentence had been vacated and he was no longer a death-row inmate.

The Third Circuit addressed a very similar situation in Stevenson v. Carroll, 495 F.3d 62 (3d Cir. 2007). In Stevenson, two of the three inmate plaintiffs had their death sentences vacated and were awaiting resentencing. During that time, the inmates were housed in the secure housing unit. Recognizing that the plaintiffs considered themselves "pretrial detainees" at the moment their death sentences had been vacated, and also recognizing that the warden did not contest the plaintiffs' status as pretrial detainees for purposes of the appeal, the Third Circuit analyzed the plaintiffs' claim in accordance with Bell. Id. at 67 (citing Cobb v. Aytch, 643 F.2d 946, 962 (3d Cir. 1991), "The right to remain at liberty continues until a court pronounces a judgment of sentence, although after a jury has pronounced a guilty verdict the court may insist upon greater assurance that a defendant will submit to sentence."). The circuit went on to explain that unconstitutional punishment typically includes both objective and subjective components. Id. at 68. The objective component requires an inquiry into whether "the

12

deprivation [was] sufficiently serious" and the subjective component asks whether "the officials

act[ed] with a sufficiently culpable state of mind[.]" Id. (quoting Wilson v. Seiter, 501 U.S. 294,

298 (1991)). Thus,

> [A] particular measure amounts to punishment when there is a showing of express
> intent to punish on the part of detention facility officials, when the restriction or
> condition is not rationally related to a legitimate non-punitive government
> purpose, or when the restriction is excessive in light of that purpose.

Stevenson, 495 F.3d at 68 (quoting Rapier v. Harris, 172 F.3d 999, 1005 (7th Cir. 1999)).

As Plaintiff does here, the plaintiffs in Stevenson alleged that the conditions of their

confinement in the secure housing unit were stricter than those for the general population and

that they had been placed in that unit by defendants in order to punish them. The Third Circuit

found that the district court had improperly dismissed the inmates' complaint because it had not

made either an objective inquiry into the severity of the deprivations or a subjective inquiry into

the mental state of the officials. Further, because the Stevenson inmates alleged that they had

been arbitrarily singled out from other similarly situated inmates for this treatment, this intimated

"a degree of as yet unexplained arbitrariness in the procedures regarding placement in the SHU."

Stevenson, 495 F.3d at 68.

When evaluating a pretrial detainee's claim of unconstitutional punishment, courts must

examine the "totality of the circumstances within the institution," but, when necessary,

"discovery need not be extensive." Id. at 68-69.

> Although the substantive and procedural due process evaluations are distinct, a
> showing by the prison officials that a restrictive housing assignment is predicated
> on a legitimate managerial concern and is therefore not arbitrary or purposeless,
> will typically foreclose the substantive due process inquiry.

Id. at 69.

13

The purpose behind the DOC's policy of housing inmates in the C.C.U. when the possibility of re-imposition of the death sentence still exists is apparent. There is no doubt that an inmate in such a situation presents a heightened risk and threat to the safety and security of staff and other inmates. According to Executive Deputy Secretary Shirley R. Moore-Smeal, who at one time in her career was the Acting Secretary of the Pennsylvania Department of Corrections, such an inmate may attempt to escape from the facility due to confinement under less restrictive conditions, could use his new freedoms to retaliate against staff and other inmates, could obtain instruments to create makeshift contraband inflicting injury upon himself or others under the assumption that they have "nothing left to lose," or just be more likely to violate facility rules and regulations in general for the same reason. *See* ECF No. 38-6.

In the seminal case of Hewitt v. Helms, 459 U.S. 460 (1983), the Supreme Court emphasized that

> [i]n the volatile atmosphere of a prison, an inmate easily may constitute an unacceptable threat to the safety of other prisoners and guards even if he himself has committed no misconduct; rumor, reputation, and even more imponderable factors may suffice to spark potentially disastrous incidents. The judgment of prison officials in this context, like that of those making parole decisions, turns largely on purely subjective evaluations and on predictions of future behavior.

Id. at 474 (internal citations omitted). Clearly, the restrictive housing assignment for inmates in Plaintiff's situation is predicated on many legitimate penological concerns and is therefore not arbitrary and purposeless. This Court is not in a position to second-guess that penological judgment. *See* Stevenson v. Carroll, 495 F.3d 62, 71 (3d Cir. 2007) ("[W]e are unwilling to substitute our judgment on these difficult and sensitive matters of institutional administration and security for that of the persons who are actually charged with and trained in the running of such facilities.") (quoting Block v. Rutherford, 468 U.S. 576, 588 (1984)). Plaintiff's confinement in

14

JA-26

the C.C.U. was not arbitrary or punitive. This should foreclose the substantive due process inquiry.

### 3. Lack of Personal Involvement

Defendants Friday, Rodgers, Shawley and Varner argue that they are entitled to summary judgment because Plaintiff has not demonstrated that they had personal involvement in the alleged wrongdoing. They are correct and this deserves brief analysis.

For liability under 42 U.S.C. § 1983, a defendant "must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citing Parratt v. Taylor, 451 U.S. 527, 537 n.3 (1981)). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Rode, 845 F.2d at 1207. However, alleging a mere hypothesis that an individual defendant had personal knowledge or involvement in depriving the plaintiff of his rights is insufficient to establish personal involvement; allegations "must be made with appropriate particularity." Id.

The above mentioned Defendants' involvement in this case was limited to following DOC policy and responding to Plaintiff's grievances and appeals. This is insufficient to establish personal involvement. *See* Simonton v. Tennis, 437 F. App'x 60, 62 (3d Cir. 2011) ("[A] prison official's secondary review of an inmate's grievance or appeal is not sufficient to demonstrate the personal involvement required to establish the deprivation of a constitutional right."); Brooks v. Beard, 167 F. App'x 923, 925 (3d Cir. 2006) (holding that a state prisoner's allegation that prison officials and administrators responded inappropriately, or failed to respond to a prison grievance, did not establish that the officials and administrators were involved in the underlying allegedly unconstitutional conduct); Manns v. Bledsoe, No. 10-1564, 2011 U.S. Dist.

15

LEXIS 102268, 2011 WL 4048781, at *4 (M.D. Pa. Sept. 12, 2011); Mincy v. DeParlos, No. 08-0507, 2011 U.S. Dist. LEXIS 31168, 2011 WL 1120295, at *7 (M.D. Pa. Mar. 24, 2011); Wilkerson v. Schafer, No. 09-2539, 2011 U.S. Dist. LEXIS 25916, 2011 WL 900994, at *7 (M.D. Pa. Mar. 14, 2011) (allegations that defendants "should be held liable for due process violations because they should have become aware of them through their review of his misconduct appeals is insufficient to establish their personal involvement in the underlying unconstitutional conduct"); Logan v. Lockett, No. 07-1759, 2009 U.S. Dist. LEXIS 24328, 2009 WL 799749, at *8 (W.D. Pa. Mar. 25, 2009); Croom v. Wagner, No. 06-1431, 2006 U.S. Dist. LEXIS 64915, 2006 WL 2619794, at *4 (E.D. Pa. Sept. 11, 2006) (holding that neither the filing of a grievance nor an appeal of a grievance is sufficient to impose knowledge of any wrongdoing); Ramos v. Pa. Dept. of Corr., No. 06-1444, 2006 U.S. Dist. LEXIS 51582, 2006 WL 2129148, at *2 (M.D. Pa. July 27, 2006) (holding that the review and denial of the grievances and subsequent administrative appeal does not establish personal involvement). They should be granted summary judgment on this basis alone.

## III.   CONCLUSION

For the reasons set forth above, it is respectfully recommended that Defendants' Motion for Summary Judgment (ECF No. 36) be granted.

In accordance with the applicable provisions of the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B)&(C), and Rule 72.D.2 of the Local Rules of Court, the parties shall have fourteen (14) days from the date of the service of this report and recommendation to file written objections thereto. Any party opposing such objections shall have fourteen (14) days from the date on which the objections are served to file its response. A party's failure to file timely objections will constitute a waiver of that party's appellate rights.

16

Dated:  December 9, 2013

/s/ Lisa Pupo Lenihan
Lisa Pupo Lenihan
Chief United States Magistrate Judge

cc:  Craig Williams
BX-9919
SCI Albion
10745 Route 18
Albion, PA  16475
*Via First Class Mail*

Counsel of Record
*Via ECF Electronic Mail*

17

CLOSED,APPEAL,STANDARD

# United States District Court
## Eastern District of Pennsylvania (Philadelphia)
### CIVIL DOCKET FOR CASE #: 2:07-cv-04977-RBS

WALKER v. FARNAN et al                          Date Filed: 11/27/2007
Assigned to: HONORABLE R. BARCLAY SURRICK       Date Terminated: 01/29/2015
Case in other court: USCA THIRD CIRCUIT, 15-01390   Jury Demand: None
Cause: 42:1983 Prisoner Civil Rights            Nature of Suit: 550 Prisoner Petitions:
                                                Civil Rights
                                                Jurisdiction: Federal Question

**Plaintiff**

**SHAWN T. WALKER**                 represented by **DAWN MICHELE SIGYARTO**
                                                HARKINS CUNNINGHAM LLP
                                                4000 TWO COMMERCE SQUARE
                                                2001 MARKET ST
                                                PHILADELPHIA, PA 19103
                                                215-851-6700
                                                Email:
                                                dsigyarto@harkinscunningham.com
                                                *TERMINATED: 01/15/2013*

                                                **MATHIEU SHAPIRO**
                                                OBERMAYER, REBMANN,
                                                MAXWELL & HIPPEL, LLP
                                                1617 JOHN F. KENNEDY
                                                BOULEVARD
                                                19TH FLOOR, ONE PENN CENTER
                                                PHILADELPHIA, PA 19103-1895
                                                TEL 215-665-3014
                                                Fax: FAX 215-665-3165
                                                Email:
                                                mathieu.shapiro@obermayer.com
                                                *ATTORNEY TO BE NOTICED*

                                                **MATTHEW A. GREEN**
                                                OBERMAYER REBMANN
                                                MAXWELL & HIPPEL LLP
                                                1617 JFK BLVD.
                                                19TH FLOOR
                                                PHILADELPHIA, PA 19103
                                                215-665-3000
                                                Email: matthew.green@obermayer.com
                                                *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**MICHAEL A. FARNAN**                 represented by   **RANDALL J. HENZES**
                                                       OFFICE OF ATTORNEY GENERAL
                                                       21 S. 12TH ST., 3RD FL
                                                       PHILADELPHIA, PA 19107-3603
                                                       215-560-2136
                                                       Fax: 215-560-1031
                                                       Email: rhenzes@attorneygeneral.gov
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

**Defendant**

**JEFFERY A. BEARD**                  represented by   **RANDALL J. HENZES**
                                                       (See above for address)
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

**Defendant**

**DAVID DIGUGLIELMO**                 represented by   **RANDALL J. HENZES**
                                                       (See above for address)
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

**Defendant**

**CINDY G. WATSON**                   represented by   **RANDALL J. HENZES**
*AND OTHERS TO BE NAMED LATER*                         (See above for address)
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/27/2007 | 1 | APPLICATION TO PROCEED IN FORMA PAUPERIS FILED BY SHAWN T. WALKER.(jmv, ) (Entered: 11/27/2007) |
| 04/24/2008 | 2 | ORDER THAT UPON CONSIDERATION OF THE MOTION TO PROCEED IN FORMA PAUPERIS, IT IS ORDERED THAT THE MOTION IS GRANTED. THE CLERK OF COURT SHALL FILE THE COMPLAINT, ISSUE A SUMMONS AND FORWARD THEM TO THE U.S. MARSHAL FOR SERVICE. THE U.S. MARSHAL SHALL SERVE THE SUMMONS UPON THE NAMED DEFENDANTS FORTHWITH. THE CLERK IS DIRECTED TO APPOINT COUNSEL TO REPRESENT PLAINTIFF IN THIS SECTION 1983 CIVIL RIGHTS ACTION. SIGNED BY HONORABLE R. BARCLAY SURRICK ON 4/24/08. 4/25/08 ENTERED AND COPIES MAILED.(gs) (Entered: 04/25/2008) |
| 04/24/2008 | 3 | |

| | | COMPLAINT against MICHAEL A. FARNAN, JEFFERY A. BEARD, DAVID DIGUGLIELMO, CINDY G. WATSON, filed by SHAWN T. WALKER.(gs) (Entered: 04/25/2008) |
| --- | --- | --- |
| 04/25/2008 | | Summons Issued as to MICHAEL A. FARNAN, JEFFERY A. BEARD, DAVID DIGUGLIELMO, CINDY G. WATSON. Forwarded To: U.S. Marshals on 4/25/08 (gs) (Entered: 04/25/2008) |
| 07/07/2008 | 4 | SUMMONS Returned Executed re: U.S. MARSHALS served Summons and Complaint upon JEFFERY A. BEARD, DAVID DIGUGLIELMO, CINDY G. WATSON by PERSONAL SERVICE. JEFFERY A. BEARD served on 5/7/2008, answer due 5/27/2008; DAVID DIGUGLIELMO served on 7/2/2008, answer due 7/22/2008; CINDY G. WATSON served on 5/7/2008, answer due 5/27/2008. (gs) (Entered: 07/08/2008) |
| 07/07/2008 | 5 | Summons Returned Unexecuted as to MICHAEL A. FARNAN. (gs) (Entered: 07/08/2008) |
| 07/17/2008 | 6 | MOTION to Dismiss filed by MICHAEL A. FARNAN, JEFFERY A. BEARD, DAVID DIGUGLIELMO, CINDY G. WATSON.memeoradum of law and certificate of service.(HENZES, RANDALL) (Entered: 07/17/2008) |
| 07/23/2008 | 7 | Supplemental Memorandum re 6 MOTION to Dismiss filed by MICHAEL A. FARNAN, JEFFERY A. BEARD, DAVID DIGUGLIELMO, CINDY G. WATSON, Certificate of Service. (HENZES, RANDALL) Modified on 7/24/2008 (nd). (Entered: 07/23/2008) |
| 07/24/2008 | 8 | Exhibits in Support of 6 MOTION to Dismiss filed by MICHAEL A. FARNAN, JEFFERY A. BEARD, DAVID DIGUGLIELMO and CINDY G. WATSON with Certificate of Service. (HENZES, RANDALL) Modified on 7/25/2008 (le, ). (Entered: 07/24/2008) |
| 07/30/2008 | 9 | Declaration for Entry of Default by SHAWN T. WALKER. (gs) (Entered: 07/30/2008) |
| 04/23/2009 | 10 | ORDER THAT PLAINTIFF'S COUNSEL SHALL ENTER HIS APPEARANCE ON THE RECORD. PLAINTIFF'S COUNSEL SHALL FILE A RESPONSE TO DEFENDANTS' MOTION TO DISMISS (DOC. NO.6) WITHIN SIXTY (60) DAYS. SIGNED BY HONORABLE R. BARCLAY SURRICK ON 4/23/09. 4/24/09 ENTERED AND COPIES FAXED TO COUNSEL FROM CHAMBERS.(jpd) (Entered: 04/24/2009) |
| 06/17/2009 | 12 | ORDER THAT THE REQUEST FOR ADDITIONAL TIME TO RESPOND TO DEFENDANTS' MOTION TO DISMISS IS GRANTED. PLAINTIFF SHALL FILE A RESPONSE BY 8/24/2009. SIGNED BY HONORABLE R. BARCLAY SURRICK ON 6/17/09. 6/18/09 ENTERED AND COPIES FAXED FROM CHAMBERS. (jpd) (Entered: 06/18/2009) |
| 06/18/2009 | 11 | NOTICE of Appearance by MATTHEW A. GREEN on behalf of SHAWN T. WALKER (GREEN, MATTHEW) (Entered: 06/18/2009) |
| 08/24/2009 | 13 | CERTIFICATE OF SERVICE by SHAWN T. WALKER *with Amended Complaint* (Attachments: # 1 Amended Complaint)(SHAPIRO, MATHIEU) ** (FILED IN ERROR BY ATTY., ATTY WILL SUBMIT ORIGINAL TO |

| | | CLERKS OFFICE FOR FILING)** Modified on 8/25/2009 (fh) (Entered: 08/24/2009) |
|---|---|---|
| 08/25/2009 | 14 | AMENDED COMPLAINT AGAINST DEFENDANTS MICHAEL A. FARNAN, JEFFERY A. BEARD, DAVID DIGUGLIELMO, CINDY G. WATSON, FILED BY PLAINTIFF SHAWN T. WALKER, CERTIFICATE OF SERVICE. (Attachments: # 1 CERTIFICATE OF SERVICE) (jpd) (Entered: 08/26/2009) |
| 09/03/2009 | 15 | MOTION to Dismiss filed by MICHAEL A. FARNAN, JEFFERY A. BEARD, DAVID DIGUGLIELMO, CINDY G. WATSON.certificate of service. (HENZES, RANDALL) (Entered: 09/03/2009) |
| 09/21/2009 | 16 | RESPONSE in Opposition re 15 MOTION to Dismiss filed by SHAWN T. WALKER. (Attachments: # 1 Brief, # 2 Text of Proposed Order, # 3 Certificate of Service)(GREEN, MATTHEW) (Entered: 09/21/2009) |
| 10/29/2009 | 17 | ORDER THAT DEFTS' MOTION TO DISMISS THE ORIGINAL COMPLAINT (DOC. NO. 6) AND THE DOCUMENTS SUBMITTED IN SUPPORT THEREOF (DOC. NOS. 7 AND 8), ARE DISMISSED AS MOOT.. SIGNED BY HONORABLE R. BARCLAY SURRICK ON 10/29/09.10/30/09 ENTERED AND COPIES MAILED, E-MAILED AND FAXED.(pr, ) (Entered: 10/30/2009) |
| 09/30/2011 | 18 | ORDER THAT DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT IS DENIED. SIGNED BY HONORABLE R. BARCLAY SURRICK ON 9/30/11.10/3/11 ENTERED AND COPIES E-MAILED.(ky, ) (Entered: 10/03/2011) |
| 10/11/2011 | 19 | ANSWER to 14 Amended Complaint *with Affirmative Defense* by JEFFERY A. BEARD, DAVID DIGUGLIELMO, MICHAEL A. FARNAN, CINDY G. WATSON., Certificate of Service.(HENZES, RANDALL) Modified on 10/12/2011 (nd, ). (Entered: 10/11/2011) |
| 10/12/2011 | 20 | MOTION to Depose *Prisoner* filed by JEFFERY A. BEARD, DAVID DIGUGLIELMO, MICHAEL A. FARNAN, CINDY G. WATSON.Certificate of Service.(HENZES, RANDALL) (Entered: 10/12/2011) |
| 10/18/2011 | 21 | ORDER THAT AN INITIAL PRETRIAL CONFERENCE WILL BE HELD ON 11/10/11 AT 3:00 P.M. IN CHAMBERS; ETC.. SIGNED BY HONORABLE R. BARCLAY SURRICK ON 10/18/11. 10/19/11 ENTERED AND E-MAILED AND FAXED.(jl, ) (Entered: 10/19/2011) |
| 10/24/2011 | 22 | NOTICE of Appearance by DAWN MICHELE SIGYARTO on behalf of SHAWN T. WALKER with CERT OF SERVICE(SIGYARTO, DAWN) (Entered: 10/24/2011) |
| 11/03/2011 | 23 | STATUS REPORT by SHAWN T. WALKER. (GREEN, MATTHEW) (Entered: 11/03/2011) |
| 11/04/2011 | 24 | ORDER THAT COUSEL FOR DEFENDANTS SHALL PERMITTED TO TAKE THE DEPOSITION OF PLAINTIFF SHAWN T. WALKER #BU-0744 PRESENTLY INCARCERATED AT SCI CORRECTIONAL INSTITUTION AT GRATERFORD. SIGNED BY HONORABLE R. BARCLAY SURRICK |

|  |  |  |
|---|---|---|
|  |  | ON 11/4/11. 11/7/11 ENTERED AND COPIES MAILED TO PRO SE PETITIONER AND FAXED FROM CHAMBERS. (jpd) (Entered: 11/07/2011) |
| 11/10/2011 | 25 | SCHEDULING ORDER THAT ALL DISCOVERY IS DUE BY 3/16/2012. ALL DISPOSITIVE MOTIONS ARE DUE BY 4/16/2012. RESPONSES TO DISPOSITIVE MOTIONS SHALL BE FILED BY 5/16/2012. ORIGINALS OF ALL FILINGS REQUIRED UNDER THE ORDER SHALL BE FILED WITH THE CLERK OF COURT, AND A COURTESY COPY OF THE SAME SHALL BE SUBMITTED TO CHAMBERS. SIGNED BY HONORABLE R. BARCLAY SURRICK ON 11/10/2011. 11/14/2011 ENTERED AND COPIES E-MAILED, FAXED BY CHAMBERS.(amas) (Entered: 11/14/2011) |
| 11/10/2011 | 26 | Minute Entry for proceedings held before HONORABLE R. BARCLAY SURRICK: Initial Pretrial Conference held on 11/10/2011 (amas) (Entered: 11/14/2011) |
| 04/16/2012 | 27 | MOTION for Summary Judgment filed by JEFFERY A. BEARD, DAVID DIGUGLIELMO, MICHAEL A. FARNAN, CINDY G. WATSON.Memorandum of law and certificate of service. (Attachments: # 1 Exhibit Ex. 1, # 2 Exhibit Ex. 2, # 3 Exhibit Ex. 3)(HENZES, RANDALL) (Entered: 04/16/2012) |
| 05/10/2012 | 28 | STIPULATION AND ORDER THAT THE TIME BY WHICH PLAINTIFF MUST FILE HIS OPPOSITION TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT IS HEREBY EXTENDED UNTIL 7/16/2012. SIGNED BY HONORABLE R. BARCLAY SURRICK ON 5/10/12. 5/11/12 ENTERED AND COPIES E-MAILED. (jpd) (Entered: 05/11/2012) |
| 07/12/2012 | 29 | STIPULATION AND ORDER THAT THE TIME IN WHICH PLAINTIFF SHAWN T. WALKER HAS TO FILE HIS RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT IS HEREBY EXTENDED 60 DAYS, AND THAT PLAINTIFF SHALL FILE HIS RESPONSE ON OR BEFORE 9/17/2012. SIGNED BY HONORABLE R. BARCLAY SURRICK ON 7/11/12. 7/12/12 ENTERED AND COPIES E-MAILED.(kp, ) (Entered: 07/12/2012) |
| 09/14/2012 | 30 | STIPULATION re 27 MOTION for Summary Judgment by SHAWN T. WALKER. (GREEN, MATTHEW) (FILED IN ERROR BY ATTORNEY; COPY FORWARDED TO JUDGE FOR APPROVAL) Modified on 9/17/2012 (nd, ). (Entered: 09/14/2012) |
| 09/14/2012 | 31 | STIPULATION AND ORDER THAT PLAINTIFF SHALL FILE HIS RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BY 9/28/2012. SIGNED BY HONORABLE R. BARCLAY SURRICK ON 9/14/12. 9/17/12 ENTERED AND COPIES FAXED FROM CHAMBERS. (jpd) (Entered: 09/17/2012) |
| 09/28/2012 | 32 | STIPULATION *Extending Time to File Response* by SHAWN T. WALKER. (GREEN, MATTHEW) (FILED IN ERROR BY ATTORNEY; COPY FORWARDED TO JUDGE FOR APPROVAL) Modified on 10/1/2012 (nd). (Entered: 09/28/2012) |
| 10/01/2012 | 33 |  |

| | | |
|---|---|---|
| | | ORDER THAT PLAINTIFF SHALL FILE HIS RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DOC. NO. 27) BY 10/29/2012. SIGNED BY HONORABLE R. BARCLAY SURRICK ON 10/1/12. 10/2/12 ENTERED AND COPIES FAXED FROM CHAMBERS. (jpd) (jpd, ). (Entered: 10/02/2012) |
| 10/31/2012 | 34 | RESPONSE in Opposition re 27 MOTION for Summary Judgment filed by SHAWN T. WALKER. (Attachments: # 1 Brief, # 2 Text of Proposed Order, # 3 Certificate of Service)(GREEN, MATTHEW) (Entered: 10/31/2012) |
| 11/07/2012 | 35 | Declaration re 34 Response in Opposition to Motion by SHAWN T. WALKER. (GREEN, MATTHEW) (Entered: 11/07/2012) |
| 01/15/2013 | 36 | NOTICE of Withdrawal of Appearance by DAWN MICHELE SIGYARTO on behalf of SHAWN T. WALKER(SIGYARTO, DAWN) (Entered: 01/15/2013) |
| 01/29/2015 | 37 | MEMORANDUM AND/OR OPINION. SIGNED BY HONORABLE R. BARCLAY SURRICK ON 1/29/15. 1/29/15 ENTERED AND COPIES E-MAILED AND FAXED FROM CHAMBERS. (jpd) (Entered: 01/29/2015) |
| 01/29/2015 | 38 | ORDER THAT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DOC. NO. 27) IS GRANTED. JUDGMENT IS ENTERED IN FAVOR OF DEFENDANTS AND AGAINST PLAINTIFF. SIGNED BY HONORABLE R. BARCLAY SURRICK ON 1/29/15. 1/29/15 ENTERED AND COPIES E-MAILED AND FAXED. (jpd) (Entered: 01/29/2015) |
| 02/04/2015 | 39 | NOTICE OF APPEAL by SHAWN T. WALKER. Copies to Judge, Clerk USCA, Appeals Clerk and (jaa, ) (Entered: 02/10/2015) |
| 02/09/2015 | 40 | MOTION FOR APPOINTMENT OF COUNSEL filed by SHAWN T. WALKER.CERTIFICATE OF SERVICE.(jaa, ) (Entered: 02/10/2015) |
| 02/10/2015 | 41 | Clerk's Notice to USCA re 39 Notice of Appeal : (jaa, ) (Entered: 02/10/2015) |
| 02/18/2015 | | NOTICE of Docketing Record on Appeal from USCA re 39 Notice of Appeal filed by SHAWN T. WALKER. USCA Case Number 15-1390 (jl, ) (Entered: 02/18/2015) |
| 05/06/2015 | 42 | ORDER THAT UPON CONSIDERATION OF PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL 40 , IT IS ORDERED THAT THE MOTION IS DENIED AS MOOT. SIGNED BY HONORABLE R. BARCLAY SURRICK ON 5/5/15.5/6/15 ENTERED AND COPIES E-MAILED.(gs) (Entered: 05/06/2015) |
| 08/06/2015 | 43 | CERTIFIED COPY OF ORDER FROM USCA THAT THE MOTION FOR APPPOINTMENT OF COUNSEL IS GRANTED. (jpd, ) (Entered: 08/06/2015) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 12/14/2015 17:52:46 | | |
| PACER Login: | wl0041;2662648;0 | Client Code: | 999052 |

JA-35

| Description: | Docket Report | Search Criteria: | 2:07-cv-04977-RBS |
|---|---|---|---|
| Billable Pages: | 4 | Cost: | 0.40 |

In The United States District Court
For The Eastern District of Pennsylvania

Shaun T. Walker,
                    Plaintiff,

        vs.                          Civil Action No. 07-4977

Michael Farnen et al,
                    Defendants,

                                                    FILED

                                                    FEB - 4 2015

        Notice of Appeal              MICHAEL E. KUNZ, Clerk
                                      By_____Dep. Clerk

    Notice is hereby given that Shaun T. Walker, Plaintiff in the
above-entitled matter, appeals to the United States court of
Appeals for the 3rd circuit from the final judgment entered
on January 29, 2015.

    Plaintiff has been abandon by his counsel and doesn't know what
to do, or how to appeal.

    Plaintiff respectfully request the appointment of counsel to
assist me with this appeal.

                        Respectfully submitted,

                        Shaun T. Walker

                        Shaun T. Walker

                        Inst. #BU-0744

                        P.O. Box 244

                        Graterford, Pa. 19426

Dated: February 3, 2015

In The United States District Court
For The Eastern District of Pennsylvania

Shawn T. Walker,

    Plaintiff,

vs.              Civil Action, No. 07-4977

Michael Earnan et al.,

    Defendants,

FILED
FEB -9 2015
MICHAEL E. ___UNZ, Clerk
By:_____ Dep. Clerk

Motion for Appointment of counsel

   Plaintiff, Shawn T. Walker, pursuant to § 1915, requests this court to appoint counsel to represent me on appeal in this case for the following reasons.

  1. Plaintiff has been abanden by his court appointed counsel.

  2. Plaintiff is unable to afford counsel.

  3. The issues involved in this case are complex.

  4. Plaintiff has limited access to the law library.

  5. Plaintiff has very little knowledge of the law.

  WHEREFORE, this Honorable court should appoint counsel to represent the Plaintiff.

                    Respectfully Submitted,

                    Shawn T. Walker

                    Shawn T. Walker

                    Inst # BU-0744

                    P.O. Box 244

Dated: February 3, 2015        Graterford, Pa. 19426

<u>Certificate of Service</u>

I hereby certify that on this 3rd day of February, 2015, I served the above documents upon the following person by first-class mail postage pre paid.

Randall J. Henzes, Esq.
21 S. 12th Street, 3rd Floor
Phila, Pa. 19107

(counsel for all Defendants)

Shaun J. Walker

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHAWN WALKER | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 07-4977 |
| MICHAEL A. FARNAN, ET AL. | : | |

## ORDER

**AND NOW**, this ___29th___ day of January, 2015, upon consideration of Defendants'

Motion for Summary Judgment (ECF No. 27), and all papers submitted in support thereof and in

opposition thereto, it is **ORDERED** that Defendants' Motion is **GRANTED.**  Judgment is

entered in favor of Defendants and against Plaintiff.

    **IT IS SO ORDERED.**

                                        BY THE COURT:


                                        _____

                                        **R. BARCLAY SURRICK, J.**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHAWN WALKER | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 07-4977 |
| MICHAEL A. FARNAN, ET AL. | : | |

**SURRICK, J.**                                                    **JANUARY 29, 2015**

## MEMORANDUM

Presently before the Court is Defendants' Motion for Summary Judgment (ECF No. 27). For the following reasons, Defendants' Motion will be granted.

## I.    BACKGROUND

On March 3, 1992, Plaintiff Shawn Walker was convicted of murder in the first degree and aggravated assault. A jury returned a sentence of death. (Pl.'s Resp. 3, ECF No. 34.) He was confined in the restricted housing unit in J-Unit—colloquially known as "death row"—at the State Correctional Institution – Graterford ("Graterford") pending his execution. (*Id.*) All capital case inmates at Graterford are housed in J-Unit. (Defs.' Mot. Summ. J. 3, ECF No. 27.)

The conditions of confinement in J-Unit are much more restrictive than in the general population at Graterford. Plaintiff was kept in solitary confinement while he was housed in J-Unit. (Pl.'s Resp. 4; *see also* Defs.' Mot. Summ. J. 3 (noting the requirement in 61 Pa. Cons. Stat. Ann. § 4303 that an offender who is sentenced to death "be housed in solitary confinement once the Governor signs the death warrant").) The security measures in place at J-Unit require an officer to strip search an inmate twice whenever the inmate leaves his cell: once upon leaving, and again upon return. (Feild Dep. 37, Defs.' Mot. Summ. J. Ex. 2, ECF No. 27-2.) Plaintiff was permitted to shower three times a week and was given the opportunity to go to the

exercise yard for one hour five times per week. (Defs.' Mot. Summ. J. 2, ECF No. 27.) Plaintiff

did not avail himself of the opportunity to go to the exercise yard for approximately seven years

leading up to his placement in the general population, however, citing the invasive strip searches

as the reason. (Pl.'s Resp. 4.)

Plaintiff's contact with individuals other than prison staff was extremely limited in J-

Unit. Plaintiff received each of his three meals per day in his cell. By contrast, the general

population at Graterford eats in communal dining rooms. (Feild Dep. 44.) Plaintiff also had a

television and radio in his cell, both of which were contingent on his continued good behavior.

(Defs.' Mot. Summ. J. 2; Pl.'s Resp. 4.) He was permitted non-contact visits during which he

spoke to his visitors over a telephone receiver from behind reinforced glass. (Pl.'s Resp. 4.)

Plaintiff was permitted to send and receive mail, and he could sign up for sick call if needed.

(*Id.*) If he signed up for sick call, Plaintiff would be evaluated by medical personnel in his cell to

determine if further treatment was necessary. (*Id.*) Plaintiff was permitted to sign up for a two-

hour block of time in the law library, though only two inmates were permitted to be in the library

at the same time. (*Id.* at 5.) Like all inmates in J-Unit, Plaintiff was scheduled to see the

Program Review Committee ("PRC") every 90 days to discuss any problems or concerns he may

have. (Feild Dep. 52-53.)

Plaintiff submitted a petition under the Post-Conviction Relief Act ("PCRA") challenging

both his first-degree-murder conviction and his death sentence. On April 21, 2004, the Court of

Common Pleas for Philadelphia County upheld Plaintiff's murder conviction, but vacated his

death sentence and awarded him a new penalty hearing. (Pl.'s Resp. 7.) Plaintiff subsequently

requested to be placed in the general population instead of J-Unit, but the PRC repeatedly denied

these requests. (*Id.* at 5.) The Commonwealth withdrew its appeal of the PCRA court's order

2

granting Plaintiff a new penalty-phase hearing on May 15, 2007. (*Id.*) On August 6, 2007,

Plaintiff filed a grievance questioning why he was still housed on J-Unit despite having his

sentence of death vacated and the Commonwealth's appeal discontinued. Sixteen days later,

Tom Rowlands responded that the Office of Chief Counsel had advised that Plaintiff would be

listed as a capital case until all appeals were resolved. (Defs.' Mot. Summ. J. 5.) Plaintiff

appealed the decision to Graterford's Superintendent, who responded that Plaintiff was required

to be housed in J-Unit until all appeals of the PCRA court's decision had been resolved. (*Id.*)

Plaintiff again appealed, this time to the Secretary's Office of Inmate Grievances of Appeals, and

received the same response. (*Id.*)

Plaintiff's appeal of the PCRA court's decision was denied by the Pennsylvania Supreme

Court on November 30, 2011. (*Id.* at 6.) He was sentenced to life in prison on April 12, 2012.

(*Id.*) Approximately three weeks after his resentencing, Plaintiff was transferred from J-Unit to

the general population, where he remains to this day. (Pl.'s Resp. 8.) Plaintiff spent

approximately 20 years confined in J-Unit.

## II.    LEGAL STANDARD

A party is entitled to summary judgment "if the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.

R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("Only

disputes over facts that might affect the outcome of the suit under the governing law will

properly preclude the entry of summary judgment. Factual disputes that are irrelevant or

unnecessary will not be counted."). Where the nonmoving party bears the burden of proof at

trial, the moving party may identify an absence of a genuine issue of material fact by showing

the court that there is no evidence in the record supporting the nonmoving party's case. *Celotex*

*Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *UPMC Health Sys. v. Metro. Life Ins. Co.*, 391 F.3d

497, 502 (3d Cir. 2004). If the moving party carries this initial burden, the nonmoving party

must set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P.

56(c) ("A party asserting that a fact is genuinely . . . disputed must support the assertion by . . .

citing to particular parts of materials in the record."); *see also Matsushita Elec. Indus. Co., Ltd.*

*v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (noting that the nonmoving party "must do

more than simply show that there is some metaphysical doubt as to the material facts"). "Where

the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party,

there is no 'genuine issue for trial.'" *Matshshita*, 475 U.S. at 587 (citation omitted). When

deciding a motion for summary judgment, courts must view facts and inferences in the light most

favorable to the nonmoving party. *Anderson*, 477 U.S. at 255. Courts must "not resolve factual

disputes or make credibility determinations." *Siegel Transfer, Inc. v. Carrier Express, Inc.*, 54

F.3d 1125, 1127 (3d Cir. 1995).

## III.  DISCUSSION

Plaintiff brought this lawsuit pursuant to 42 U.S.C. § 1983, alleging violations of his right

to be free from cruel and unusual punishment and his right to due process. (Am. Compl. ¶¶ 70-

84, ECF No. 14.) He seeks monetary damages, as well as declaratory relief and an injunction

requiring him to be transferred from J-Unit to the general population. (*Id.*) Because Plaintiff

was transferred to the general population shortly before submitting his response to Defendants'

motion for summary judgment, his request for injunctive and declaratory relief is moot.[1]  We

---

[1] *See, e.g., Sutton v. Rasheed*, 323 F.3d 236, 248 (3d Cir. 2003) (per curiam) ("An
inmate's transfer from the facility complained of generally moots the equitable and declaratory
claims."); *accord Jordan v. Sosa*, 654 F.3d 1012, 1029-33 (10th Cir. 2011) (holding transferred
inmate's claims moot because "an injunction would have no effect in the real world . . . [and] a
declaratory judgment in [the inmate's] favor would amount to nothing more than a declaration

therefore consider whether Plaintiff has offered sufficient evidence to establish a genuine issue

of material fact regarding his request for monetary damages.

The doctrine of qualified immunity, which is sometimes called good-faith immunity,

attempts to strike a balance between citizens' interest in vindicating their constitutional rights

and public officials' effective performance of their duties. *Anderson v. Creighton*, 483 U.S. 635,

639 (1987). Under the doctrine, "government officials performing discretionary functions

generally are shielded from liability for civil damages insofar as their conduct does not violate

clearly established statutory or constitutional rights of which a reasonable person would have

known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). In other words, the qualified

immunity defense provides "protection to all but the plainly incompetent or those who

knowingly violate the law." *Acierno v. Cloutier*, 40 F.3d 597, 616 (3d Cir. 1994) (quoting

*Malley v. Briggs*, 475 U.S. 335, 341 (1986) (internal quotation marks omitted)). Qualified

immunity shields government officials only from suits seeking money damages; it is no bar to an

action for injunctive relief. *See Harris v. Pernsley*, 755 F.2d 338, 343 (3d Cir. 1985) ("The

qualified immunity defense only applies . . . to claims for money damages.").

The qualified immunity analysis generally requires two steps. First, the court should

determine whether a constitutional right has been violated. If so, the court must then determine

whether that right was clearly established such that it would be clear to a reasonable person in

the defendant's position that his conduct was unlawful in the situation he confronted. *Saucier v.

Katz*, 533 U.S. 194, 201-02 (2001), *overruled in part by Pearson v. Callahan*, 555 U.S. 223

(2009). In *Pearson*, however, the Supreme Court relaxed this "rigid order of battle," 555 U.S. at

234, noting the criticism *Saucier* had received from both the district courts and individual

---

that he was wronged, and would have no effect on the defendants' behavior towards him"
(citations and internal quotation marks omitted)).

Supreme Court Justices. *Id.* at 234-35. The Court concluded that, although the *Saucier* analysis

"is often beneficial," *id.* at 236, it "should not be regarded as mandatory in all cases." *Id.*

Determining whether a constitutional right has been violated at the outset "sometimes results in a

substantial expenditure of scarce judicial resources on difficult questions that have no effect on

the outcome of the case." *Id.* at 236-37. This is particularly so in "cases in which it is plain that

a constitutional right is not clearly established but far from obvious whether in fact there is such

a right." *Id.* at 237. Since this is such a case, we will first determine whether the rights Plaintiff

claims were violated were clearly established during the period in question.

Whether a constitutional right is "clearly established" is not considered in the abstract.

Rather, courts inquire whether the right was clearly established "in a more particularized, and

hence more relevant, sense: The contours of the right must be sufficiently clear that a reasonable

official would understand that what he is doing violates that right." *Anderson*, 483 U.S. at 640.

Courts therefore consider the specific facts and circumstances that the official confronted in

determining whether he should have understood that his actions violated the plaintiff's

constitutional rights. *Id.* There need not be a case addressing the same factual situation in

existence at the time of the alleged deprivation for a constitutional right to be clearly established:

"officials can still be on notice that their conduct violates established law even in novel factual

circumstances." *Hope v. Pelzer*, 536 U.S. 730, 741 (2002).

Here, Plaintiff claims the right under the Eighth and Fourteenth Amendments to be

housed in the prison's general population rather than on death row after his death sentence was

vacated, but before he was resentenced to life in prison. Even if we were to somehow conclude

that there was such a right, it certainly was not clearly established during the period in question.

There are few cases on this issue. Defendants point to *Clark v. Beard*, 918 A.2d 155, 163 (Pa.

6

Commw. Ct. 2007), as evidence that retaining Plaintiff in J-Unit until he was resentenced did not violate Plaintiff's Eighth or Fourteenth Amendment rights. *Clark* presents a similar fact pattern as the instant case. Like Plaintiff here, the plaintiffs in *Clark* were housed in Graterford's Capital Case Unit after their death sentences had been vacated. They filed suit against the prison administrators, seeking mandamus relief ordering their release into the general population, as well as money damages. The defendants filed preliminary objections for failure to state a claim for relief, which the trial court granted. The Commonwealth Court affirmed on appeal, concluding that the plaintiffs "ha[d] failed to plead that they have a protected liberty interest in being confined outside of the Capital Case Unit" because "[t]heir complaint describes the conditions in the Capital Case Unit, but it is devoid of any baseline against which to measure those conditions and determine whether they pose an 'atypical and significant hardship.'" *Id.* at 162-63.

Defendants cited *Clark* as a basis for dismissal in their motion to dismiss. We were not persuaded, however, observing that the Commonwealth Court's affirmance in *Clark* was based on the plaintiffs' failure to appropriately plead a cause of action—not necessarily on the absence of a constitutional right to be housed in the general population after their death sentences were vacated. (*See* Sept. 30, 2011 Order 2, ECF No. 18.) Nevertheless, for purposes of determining whether the rights Plaintiff claims in this case are clearly established, we note that the only case that addressed these putative rights at the time that Plaintiff was housed in J-Unit terminated in favor of the prison administrators.

This is not a situation in which "[t]he obvious cruelty inherent in this practice should have provided [Defendants] with some notice that their alleged conduct violated [Plaintiff's] constitutional protection against cruel and unusual punishment." *Hope*, 536 U.S. at 745. In fact,

the federal courts that have considered the issue since Plaintiff was released into the general

population have concluded that retaining an inmate on death row prior to resentencing after his

death sentence was vacated does not violate the inmate's constitutional rights. *See, e.g., Jones v.*

*Sec'y Pa. Dep't of Corr.,* 549 F. App'x 108, 112 (3d Cir. 2013), *cert. denied sub nom. Jones v.*

*Wetzel,* 135 S. Ct. 94 (2014) (holding that after plaintiff's death sentence was vacated, "keeping

him in the [Capital Case Unit] until he was resentenced did not amount to excessive punishment

in violation of the Eighth Amendment"); *Williams v. Wetzel,* No. 12-0944, 2014 WL 252020, at

*6-9 (W.D. Pa. Jan. 22, 2014) (finding no violation of procedural or substantive due process

where inmates were kept on death row after death sentence vacated but before resentencing).

We are satisfied that Plaintiff did not have a clearly established right to be transferred to

the general population after his death sentence was vacated, but before he was resentenced.

Defendants are entitled to qualified immunity on Plaintiff's claims for monetary damages. In

addition, as noted above, Plaintiff's claims for injunctive and declaratory relief are moot.

Consistent with the doctrine of constitutional avoidance, we need not further discuss whether

Plaintiff's Eighth or Fourteenth Amendment rights were violated here. *See Pearson,* 555 U.S. at

241 ("[A]dherence to *Saucier*'s two-step protocol departs from the general rule of constitutional

avoidance and runs counter to the 'older, wiser judicial counsel' not to pass on questions of

constitutionality unless such adjudication is unavoidable." (citations, alterations, and internal

quotation marks omitted)).

8

## IV.    CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment will be granted.

An appropriate Order follows.

BY THE COURT:

_____

R. BARCLAY SURRICK, J.

9